CRAIG CARPENITO
United States Attorney
JORDAN M. ANGER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. (973) 645-2829
jordan.anger@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| IVAN ANGELES, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR RECOVERY OF
## CIVIL MONETARY FORFEITURE PENALTY

Plaintiff, the UNITED STATES OF AMERICA ("United States"), by and

through its attorney CRAIG CARPENITO, United States Attorney for the District

of New Jersey (Assistant United States Attorney Jordan M. Anger appearing),

brings this action for the recovery of a monetary forfeiture penalty of $15,000.00

against Defendant, Ivan Angeles ("Defendant"). In support thereof, the United

States alleges as follows:

## NATURE OF ACTION

1.     Pursuant to the Communications Act of 1934, 47 U.S.C. § 504(a), the

United States brings this civil action against Defendant to enforce a Forfeiture

Order issued by the Federal Communications Commission ("FCC" or "Commission")
on May 26, 2016, assessing a monetary forfeiture against Defendant.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§
1331, 1345 and 1355, and 47 U.S.C. § 504(a).

3.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§
1355(b), 1391(b), and 1395(a) and 47 U.S.C. § 504(a), because Defendant resides in
Passaic, New Jersey, and the acts or omissions giving rise to this forfeiture action
occurred in Passaic, New Jersey.

## PARTIES

4.     Plaintiff is the United States of America.

5.     The FCC is an independent federal regulatory agency created by
Congress to regulate intrastate, interstate, and foreign radio communications
pursuant to the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 151 *et
seq*.

6.     Defendant is a resident of the state of New Jersey who lives at 434
Gregory Avenue, Passaic, New Jersey.  A location within this District.

## STATUTORY AND REGULATORY BACKGROUND

7.     Section 301 of the Act, 47 U.S.C. § 301, prohibits the operation of any
apparatus for the transmission of energy, communications, or signals by radio from
one place in the United States to another place in the United States, except under

and in accordance with the Act and with a license for that purpose granted under the provisions of the Act.

8.      Pursuant to section 15.239 of the FCC's rules, 47 U.S.C. § 15.239, the intentional transmission of radiofrequency signals in the 88-108 MHz band is permitted without an individual license only if the field strength of the signals does not exceed 250 microvolts per meter ("µV/m") at a distance of three meters from the transmitting antenna. Otherwise, the transmission of the signals must be made pursuant to an individual license granted by the FCC under 47 U.S.C. § 301.

9.      Pursuant to section 503(b) of the Act, 47 U.S.C. § 503(b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code or any rule, regulation or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

10.     Section 312(f)(1) of the Act, which applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act." 47 U.S.C. § 312(f)(1). Section 312(f)(2) of the Act, which also applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,' when used with reference to the commission or omission of any act, means the commission or omission of such act

more than once, or, if such commission or omission is continuous, for more than one day." 47 U.S.C. § 312(f)(2).

11.     Pursuant to section 503(b)(2)(E) of the Act, 47 U.S.C. § 503(b)(2)(E), in determining the amount of a forfeiture penalty, the FCC "shall take into account the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require." That same section empowers the Commission to assess a forfeiture of up to $150,000 for each willful or repeated violation of the Act or of any rule, regulation, or order issued by the Commission under the Act. *Id.*

12.     The Commission has established forfeiture guidelines, which set forth base penalties for certain violations and identify criteria that the FCC and its Bureaus and Offices consider in exercising its discretion to adjust the base upward or downward. 47 C.F.R. § 1.80(b)(8). The guidelines establish a base forfeiture amount of $10,000 for operation of a radio station without an instrument of authorization. *Id.*

## THE VIOLATION

13.     In 2012 and 2013, agents from the FCC Enforcement Bureau's New York Office ("New York Office") issued four Notices of Unlicensed Operation to Defendant for operating a pirate station on 91.9 MHz from various locations within Passaic, New Jersey.

14.     On February 11, 2015, in response to complaints, agents from the FCC's New York Office used mobile direction-finding techniques to locate the source of radio frequency transmissions on the 91.9 MHz frequency and traced it to an FM antenna mounted on the roof of a single-family dwelling located at 434 Gregory Avenue, Passaic, New Jersey.

15.     The agents recorded the station, measured the signal strength, and determined that the signals on the 91.9 MHz frequency exceeded the limits for operation under Part 15 of the Commission's rules, and, therefore, required a license.

16.     The FCC's records showed that no authorization was issued to Defendant or anyone else for the operation of an FM broadcast station at or near the residence in Passaic, New Jersey.

17.     On August 31, 2015, in response to additional complaints of unlicensed operations, agents from the FCC's New York Office determined that an unlicensed radio station was operating on the frequency 91.9 MHz from the Gregory Avenue residential property in Passaic, New Jersey.

18.     A search of property records for 434 Gregory Drive, confirmed that the property was owned by Defendant and Suceli Sanchez.

19.     Agents conducted an internet search and found the website for a radio station called "La Raza" purporting to operate on 91.9 MHz in New Jersey.

20.     The website for "La Raza" radio station includes a copyright mark and the statement "La Raza 91.9 FM is a register mark of Mr. Ivan Angeles."

21.     On August 31, 2015, agents from the FCC's New York Office issued another written Notice of Unlicensed Operation addressed to Defendant.

22.     Defendant did not respond to the Notice.

23.     On September 25, 2015, the FCC's Enforcement Bureau issued a Notice of Apparent Liability ("NAL") to Defendant proposing a monetary forfeiture of $15,000.00 against Defendant for his apparent willful and repeated violation of section 301 of the Act, 47 U.S.C. § 301, for operating an unlicensed and unauthorized radio transmitter on the frequency 91.9 MHz in Passaic, New Jersey. *Ivan Angeles*, Notice of Apparent Liability for Forfeiture, 30 FCC Rcd 10202 (Enf. Bur. 2015). The FCC sent a copy of the NAL to Defendant by Certified Mail, return receipt requested, and First Class Mail. A copy of the NAL is attached as Exhibit A.

24.     Defendant did not respond to the NAL.

25.     On May 26, 2016, the FCC's Enforcement Bureau issued a Forfeiture Order against Defendant, directing him to pay a monetary forfeiture penalty in the amount of $15,000.00 for willful and repeated violation of section 301 of the Act, 47 U.S.C. § 301. *Ivan Angeles*, Forfeiture Order, 31 FCC Rcd 5202 (Enf. Bur. 2016). The FCC sent a copy of the Forfeiture Order to Defendant by Certified Mail, return receipt requested, and by First Class Mail. A copy of the Forfeiture Order is attached as Exhibit B.

26.     Defendant, through counsel, filed a Petition for Reconsideration, which was received by the FCC on July 13, 2016. A copy of Defendant's Petition for Reconsideration is attached as Exhibit C.

27.    On June 8, 2018, the FCC dismissed as untimely Defendant's Petition for Reconsideration. *Ivan Angeles*, Memorandum Opinion and Order, 33 FCC Rcd 5380 (Enf. Bur. 2018). A copy of the Memorandum Opinion and Order is attached as Exhibit D.

## DEMAND FOR PAYMENT

28.    The Order provided that if Defendant did not pay the forfeiture by July 8, 2018, the case could be referred to the Department of Justice for enforcement.

29.    On or about August 29, 2018, the FCC sent Defendant a letter demanding full payment of the forfeiture within 30 days, A copy of the August 29, 2018, letter is attached as Exhibit E.

30.    Despite due demand, Defendant has not paid the Forfeiture.

31.    A Certificate of Forfeiture is attached as Exhibit F.

## COUNT I – CLAIM FOR ENFORCEMENT OF FORFEITURE PENALTY

32.    The United States incorporates and re-alleges herein paragraphs 1 through 31.

33.    Defendant willfully and repeatedly violated section 301 of the Act. 47 U.S.C. § 301, by operating unlicensed and unauthorized radio equipment on the frequency 91.9 MHz in Passaic, New Jersey.

34.    By reason of the foregoing, Defendant is liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the Commission's rules, 47 C.F.R. § 1.80, and the Commission's *Forfeiture Policy Statement and*

*Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd. 17087 (1997), *recon denied*, 15 FCC Rcd. 303 (1999).

35. Defendant has failed and continues to fail to pay the forfeiture penalty of $15,000.00.

36. Through this action, the United States demands payments from Defendant for a forfeiture penalty in the amount of $15,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

a. Judgment in the amount of $15,000.00;

b. Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961;

c. Costs and disbursements incurred by Plaintiff in this action; and

d. Such other further relief that the Court may deem just and proper.

DATE: 7/30 , 2019

Respectfully Submitted,
CRAIG CARPENITO
UNITED STATES ATTORNEY

By: _____
JORDAN M. ANGER
ASSISTANT U.S. ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
(973) 645-2829

8

"A"

## Before the
## Federal Communications Commission
## Washington, DC 20554

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Ivan Angeles | )    File No.: EB-FIELDNER-15-00019896 |
| Passaic, New Jersey | )    NAL/Acct. No.: 201532380004 |
| | )    FRN: 0024912602 |

## NOTICE OF APPARENT LIABILITY FOR FORFEITURE

**Adopted: September 25, 2015**                                    **Released: September 25, 2015**

By the District Director, New York Office, Northeast Region, Enforcement Bureau:

### I.      INTRODUCTION

1.      We propose a penalty of $15,000 against Ivan Angeles for operating an unlicensed radio station on 91.9 MHz in Passaic, New Jersey. The Commission previously warned Mr. Angeles that operation of this unlicensed station was illegal and that continued operation could result in further enforcement action. Mr. Angeles' deliberate disregard of the Commission's warning warrants a significant penalty. Commission action in this area is essential because unlicensed radio stations create a danger of interference to licensed communications and undermine the Commission's authority over FM broadcast radio operations.

### II.     BACKGROUND

2.      Mr. Angeles has a history of operating unlicensed FM stations in New Jersey. In 2012 and 2013, Mr. Angeles received four Notices of Unlicensed Operation for operating a pirate station on 91.9 MHz from various locations within Passaic.[1]  On February 11, 2015, in response to continued complaints of unlicensed operation in Passaic, New Jersey, agents from the Enforcement Bureau's New York Office (New York Office) used mobile direction-finding techniques to locate the source of radio frequency transmissions on the frequency 91.9 MHz to an FM antenna mounted on the roof of a single family dwelling located at 434 Gregory Avenue, Passaic, New Jersey. The agents recorded the station, took field strength measurements of the station's signal and determined that the transmissions on 91.9 MHz exceeded the limits for operation under Part 15 of the Commission's rules (Rules),[2] and therefore required a license. The agents consulted the Commission's records and confirmed that no authorization had been issued to Mr. Angeles, or to anyone else, for the operation of an FM broadcast station at or near this residence in Passaic, New Jersey.

3.      On August 31, 2015, in response to additional complaints of unlicensed operation, agents from the New York Office again used mobile direction-finding techniques to identify the source of transmissions on the frequency 91.9 MHz to 434 Gregory Avenue, Passaic, New Jersey, a single family

---

[1] *Ivan Angeles,* Notice of Unlicensed Operation (March 21, 2012) (on file in EB-FIELDNER-12-00001294); *Ivan Angeles,* Notice of Unlicensed Operation (September 26, 2012) (on file in EB-FIELDNER-13-00016577); *Suceli Sanchez and Ivan Angeles,* Notice of Unlicensed Operation (May 8, 2013) (on file in EB-FIELDNER-13-00008494); *Ivan Angeles,* Notice Of Unlicensed Operation (September 26, 2013 (on file in EB-FIELDNER-13-00011482).

[2] Part 15 of the Rules sets out the conditions and technical requirements under which certain radio transmission devices may be used without a license. In relevant part, Section 15.239 of the Rules provides that non-licensed broadcasting in the 88-108 MHz band is permitted only if the field strength of the transmission does not exceed 250 μV/m at three meters. 47 C.F.R. § 15.239.

dwelling. The agents again recorded the station, took field strength measurements of the station's signal, confirmed that the transmissions exceeded the limits for operation under Part 15 of the Commission's rules, and determined that no authorization had been issued to Mr. Angeles or to anyone else, for the operation of a station at or near this single family dwelling. A search of property records for 434 Gregory Drive confirmed that this property is owned by Ivan Angeles and Suceli Sanchez. A subsequent search of the Internet revealed that a radio station calling itself La Raza purports to operate on 91.9 MHz in New Jersey and that "La Raza 91.9 FM" belongs to Mr. Ivan Angeles.[3]

4.      On August 31, 2015, the New York Office issued a Notice of Unlicensed Operation to Mr. Ivan Angeles stating that his operation of a radio station at 91.9 MHz violated Section 301 of the Communications Act of 1934, as amended (Act)[4], must cease immediately, and could subject him to significant forfeitures.[5] Mr. Angeles did not respond to the Notice.

## III.   DISCUSSION

5.      We find that Mr. Angeles apparently willfully and repeatedly violated Section 301 of the Act.[6] Section 301 of the Act states that no person shall use or operate any apparatus for the transmission of energy or communications or signals by radio within the United States without a license granted by the Commission. On February 11, 2015, and August 31, 2015, agents from the New York Office determined that an unlicensed radio station operated on 91.9 MHz from Mr. Angeles' residence. Mr. Angeles was warned by the Commission that such unlicensed operations violated the Act. As a result, we find Mr. Angeles apparently willfully and repeatedly violated Section 301 of the Act by operating an unlicensed radio station.

6.      Section 503(b) of the Act provides that any person who willfully or repeatedly fails to comply substantially with the terms and conditions of any license, or willfully or repeatedly fails to comply with any of the provisions of the Act or of any rule, regulation, or order issued by the Commission thereunder, shall be liable for a forfeiture penalty.[7] Here, Section 503(b)(2)(D) of the Act authorizes us to assess a forfeiture against Mr. Angeles of up to \$16,000 for each day of a continuing violation, up to a statutory maximum of \$122,500 for a single act or failure to act.[8] In exercising our forfeiture authority, we must consider the "nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require."[9] In addition, the Commission has established forfeiture guidelines; they establish base

---

[3] The website for "La Raza 91.9 FM" (http://www.larazanj.com) includes a copyright mark and the statement "La Raza 91.9 FM is a register mark of Mr. Ivan Angeles" (accessed on Sept. 23, 2015).

[4] 47 U.S.C. § 301.

[5] *Ivan Angeles*, Notice of Unlicensed Operation (August 31, 2015) (on file in EB-FIELDNER-15-00019896).

[6] 47 U.S.C. § 301.

[7] 47 U.S.C. § 503(b).

[8] *See* 47 U.S.C. § 503(b)(2)(D); 47 C.F.R. § 1.80(b)(7). These amounts reflect inflation adjustments to the forfeitures specified in Section 503(b)(2)(D) (\$10,000 per violation or per day of a continuing violation and \$75,000 per any single act or failure to act). The Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No. 101-410, 104 Stat. 890, as amended by the Debt Collection Improvement Act of 1996, Pub. L. No. 104-134, Sec. 31001, 110 Stat. 1321, requires the Commission to adjust its forfeiture penalties periodically for inflation. *See* 28 U.S.C. § 2461 note (4). The Commission most recently adjusted its penalties to account for inflation in 2013. *See Amendment of Section 1.80(b) of the Commission's Rules, Adjustment of Civil Monetary Penalties to Reflect Inflation*, Order, 28 FCC Rcd 10785 (Enf. Bur. 2013); *see also* Inflation Adjustment of Monetary Penalties, 78 Fed. Reg. 49,370-01 (Aug. 14, 2013) (setting Sept. 13, 2013, as the effective date for the increases).

[9] 47 U.S.C. § 503(b)(2)(E).

penalties for certain violations and identify criteria that we consider when determining the appropriate penalty in any given case.[10] Under these guidelines, we may adjust a forfeiture upward for violations that are egregious, intentional, or repeated, or that cause substantial harm or generate substantial economic gain for the violator.[11]

7.      Section 1.80(b) of the Rules sets a base forfeiture of $10,000 for operation without an instrument of authorization.[12] We have discretion, however, to depart from these guidelines, taking into account the particular facts of each individual case.[13] We find that the violations here warrant a proposed forfeiture above the base amount. On multiple occasions, Mr. Angeles was issued warnings explaining that unlicensed operation of a radio station violated the law and could subject him to further enforcement action, including a substantial monetary forfeiture. Despite having received these warnings, Mr. Angeles continued to operate the unlicensed radio station. The fact that Mr. Angeles continued to operate an unlicensed station after being put on notice that his actions contravened the Act, the Rules, and related Commission orders demonstrates a deliberate disregard for the Commission's authority and requirements. Thus, we find that an upward adjustment in the forfeiture amount of $5,000 is warranted.[14] After applying the *Forfeiture Policy Statement*, Section 1.80 of the Rules, and the statutory factors, we propose a total forfeiture of $15,000, for which Mr. Angeles is apparently liable.

## IV.   ORDERING CLAUSES

8.      Accordingly, **IT IS ORDERED** that, pursuant to Section 503(b) of the Act[15] and Section 1.80 of the Rules,[16] Ivan Angeles is hereby **NOTIFIED** of this **APPARENT LIABILITY FOR A FORFEITURE** in the amount of fifteen thousand dollars ($15,000) for willful and repeated violations of Section 301 of the Act.[17]

9.      **IT IS FURTHER ORDERED** that, pursuant to Section 1.80 of the Rules,[18] within thirty (30) calendar days of the release date of this Notice of Apparent Liability for Forfeiture, Ivan Angeles **SHALL PAY** the full amount of the proposed forfeiture or **SHALL FILE** a written statement seeking reduction or cancellation of the proposed forfeiture consistent with paragraph 13 below.

---

[10] 47 C.F.R. § 1.80(b)(8), Note to paragraph (b)(8).

[11] *Id.*

[12] 47 C.F.R. § 1.80(b).

[13] *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, Report and Order, 12 FCC Rcd 17087, 17098–99, para. 22 (1997) (noting that "[a]lthough we have adopted the base forfeiture amounts as guidelines to provide a measure of predictability to the forfeiture process, we retain our discretion to depart from the guidelines and issue forfeitures on a case-by-case basis, under our general forfeiture authority contained in Section 503 of the Act") (*Forfeiture Policy Statement*), *recons. denied*, Memorandum Opinion and Order, 15 FCC Rcd 303 (1999).

[14] *See Robert Brown*, Memorandum Opinion and Order, 27 FCC Rcd 6975 (Enf. Bur. 2012), *aff'g*, Forfeiture Order, 26 FCC Rcd 6854 (Enf. Bur. 2011), *aff'g*, Notice of Apparent Liability for Forfeiture, 25 FCC Rcd 13740 (Enf. Bur. 2010) (upwardly adjusted proposed forfeiture by $5,000 because violator operated an unlicensed radio station after receiving a written warning that such action violated the Act and Rules); *Loyd Morris*, Memorandum Opinion and Order, 27 FCC Rcd 6979 (Enf. Bur. 2012), *aff'g*, Forfeiture Order, 26 FCC Rcd 6856 (Enf. Bur. 2011), *aff'g*, Notice of Apparent Liability for Forfeiture, 25 FCC Rcd 13736 (Enf. Bur. 2010) (same).

[15] 47 U.S.C. § 503(b).

[16] 47 C.F.R. § 1.80.

[17] 47 U.S.C. § 301.

[18] 47 C.F.R. § 1.80.

10.      Payment of the forfeiture must be made by check or similar instrument, wire transfer, or credit card, and must include the NAL/Account Number and FRN referenced above.  Ivan Angeles shall send electronic notification of payment to NER-Response@fcc.gov on the date said payment is made. Regardless of the form of payment, a completed FCC Form 159 (Remittance Advice) must be submitted.[19]  When completing the FCC Form 159, enter the Account Number in block number 23A (call sign/other ID) and enter the letters "FORF" in block number 24A (payment type code).  Below are additional instructions that should be followed based on the form of payment selected:

- Payment by check or money order must be made payable to the order of the Federal Communications Commission.  Such payments (along with the completed Form 159) must be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

- Payment by wire transfer must be made to ABA Number 021030004, receiving bank TREAS/NYC, and Account Number 27000001.  To complete the wire transfer and ensure appropriate crediting of the wired funds, a completed Form 159 must be faxed to U.S. Bank at (314) 418-4232 on the same business day the wire transfer is initiated.

- Payment by credit card must be made by providing the required credit card information on FCC Form 159 and signing and dating the Form 159 to authorize the credit card payment. The completed Form 159 must then be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

11.      Any request for making full payment over time under an installment plan should be sent to:  Chief Financial Officer—Financial Operations, Federal Communications Commission, 445 12th Street, SW, Room 1-A625, Washington, DC 20554.[20]  Questions regarding payment procedures should be directed to the Financial Operations Group Help Desk by phone, 1-877-480-3201, or by e-mail, ARINQUIRIES@fcc.gov.

12.      The written statement seeking reduction or cancellation of the proposed forfeiture, if any, must include a detailed factual statement supported by appropriate documentation and affidavits pursuant to Sections 1.16 and 1.80(f)(3) of the Rules.[21]  The written statement must be mailed to the Federal Communications Commission, Enforcement Bureau, Northeast Region, New York Office, 201 Varick Street, Suite 1151, New York, NY 10014, and must include the NAL/Account Number referenced in the caption.  The statement must also be e-mailed to NER-Response@fcc.gov.

13.      The Commission will not consider reducing or canceling a forfeiture in response to a claim of inability to pay unless the petitioner submits:  (1) federal tax returns for the most recent three-year period; (2) financial statements prepared according to generally accepted accounting practices; or (3) some other reliable and objective documentation that accurately reflects the petitioner's current financial status.  Any claim of inability to pay must specifically identify the basis for the claim by reference to the financial documentation.

---

[19] An FCC Form 159 and detailed instructions for completing the form may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf.

[20] *See* 47 C.F.R. § 1.1914.

[21] 47 C.F.R. §§ 1.16, 1.80(f)(3).

Federal Communications Commission                                    DA 15-1071

14.     **IT IS FURTHER ORDERED** that a copy of this Notice of Apparent Liability for Forfeiture shall be sent by first class mail and certified mail, return receipt requested, to Ivan Angeles at his address of record.

FEDERAL COMMUNICATIONS COMMISSION

Stephen Maguire
District Director
New York Office
Northeast Region
Enforcement Bureau

5

"B"

**Federal Communications Commission**                    DA 16-508

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

Received & Inspected

JUL 1 3 2016

FCC Mail Room

| | |
|---|---|
| In the Matter of | ) |
| | ) File No.: EB-FIELDNER-15-00019896 |
| Ivan Angeles | ) NAL/Acct. No.: 201532380004 |
| | ) FRN: 0024912602 |
| Passaic, New Jersey | ) |

**FORFEITURE ORDER**

**Adopted: May 26, 2016**                                   **Released: May 26, 2016**

By the Regional Director, Region 1, Enforcement Bureau:

1.      We impose a penalty of $15,000 against Ivan Angeles for operating a pirate radio station in Passaic, New Jersey. The Commission warned Mr. Angeles in writing that pirate operations are illegal. The fact the Mr. Angeles would ignore the Commission's warnings demonstrates a deliberate disregard for the Commission's authority and its rules, warranting a significant penalty.

2.      On September 25, 2015, the Enforcement Bureau's New York Office issued a Notice of Apparent Liability for Forfeiture (*NAL*) in the amount of $15,000 to Mr. Angeles[1] for willful and repeated violation of Section 301 of the Communications Act of 1934, as amended (Act)[2] for operating an unlicensed radio transmitter on 91.9 MHz in Passaic, New Jersey. Mr. Angeles has not filed a response to the *NAL*. Based on the information before us, we affirm the forfeiture proposed in the *NAL*.

3.      **ACCORDINGLY, IT IS ORDERED** that, pursuant to Section 503(b) of the Act,[3] and Sections 0.111, 0.204, 0.311, and 1.80(f)(4) of the Commission's rules (Rules),[4] Ivan Angeles **IS LIABLE FOR A MONETARY FORFEITURE** in the amount of fifteen thousand dollars ($15,000) for violations of Section 301 of the Act.[5]

4.      Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules within thirty (30) calendar days after the release date of this Forfeiture Order.[6] If the forfeiture is not paid within the period specified, the case may be referred to the U.S. Department of Justice for enforcement of the forfeiture pursuant to Section 504(a) of the Act.[7] Ivan Angeles shall send electronic notification of payment to NER-Response @fcc.gov on the date said payment is made. The payment must be made by check or similar instrument, wire transfer, or credit card, and must include the NAL/Account Number and FRN referenced above. Regardless of the form of payment, a completed FCC Form 159 (Remittance Advice) must be submitted.[8] When completing the FCC Form 159, enter the Account

---

[1] *Ivan Angeles*, Notice of Apparent Liability for Forfeiture, 30 FCC Rcd 10202 (Enf. Bur. 2015)

[2] 47 U.S.C. § 301.

[3] 47 U.S.C. § 503(b).

[4] 47 C.F.R. §§ 0.111, 0.204, 0.311, 1.80(f)(4).

[5] 47 U.S.C. § 301.

[6] 47 C.F.R. § 1.80.

[7] 47 U.S.C. § 504(a).

[8] An FCC Form 159 and detailed instructions for completing the form may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf.

Number in block number 23A (call sign/other ID) and enter the letters "FORF" in block number 24A (payment type code). Below are additional instructions you should follow based on the form of payment you select:

- Payment by check or money order must be made payable to the order of the Federal Communications Commission.  Such payments (along with the completed Form 159) must be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

- Payment by wire transfer must be made to ABA Number 021030004, receiving bank TREAS/NYC, and Account Number 27000001.  To complete the wire transfer and ensure appropriate crediting of the wired funds, a completed Form 159 must be faxed to U.S. Bank at (314) 418-4232 on the same business day the wire transfer is initiated.

- Payment by credit card must be made by providing the required credit card information on FCC Form 159 and signing and dating the Form 159 to authorize the credit card payment.  The completed Form 159 must then be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

5.       Any request for making full payment over time under an installment plan should be sent to:  Chief Financial Officer—Financial Operations, Federal Communications Commission, 445 12th Street, S.W., Room 1-A625, Washington, D.C. 20554.[9]  If you have questions regarding payment procedures, please contact the Financial Operations Group Help Desk by phone, 1-877-480-3201, or by e-mail, ARINQUIRIES@fcc.gov.

6.       **IT IS FURTHER ORDERED** that a copy of this Forfeiture Order shall be sent by both First Class Mail and Certified Mail, Return Receipt Requested, to Ivan Angeles at his address of record.

FEDERAL COMMUNICATIONS COMMISSION

David C. Dombrowski
Regional Director
Region 1
Enforcement Bureau

[9] *See* 47 C.F.R. § 1.1914.

2

# CHARLES C. FESTA III

### ATTORNEY AT LAW
### 88 MAIN STREET
### LITTLE FALLS, NEW JERSEY 07424

**TEL.: (973) 256-3324**
**FAX: (973) 256-3532**

Received & Inspected

JUL 1 3 2016

FCC Mail Room

June 17, 2016

Federal Communications Commission (FCC)
445 12th Street Southwest
Washington, DC 20554
Attn: Office of the Secretary

      Re: In the Matter of Ivan Angeles, Passaic, NJ
         File No.: EB-FIELDNER-15-00019896
         NAL/acct. No. 201532380004    FRN: 0024912602

Dear Sir or Madam:

      Please be advised that this office represents Ivan Angeles.

      He is in receipt of an FCC Forfeiture Order dated May 26, 2016, a copy of same is enclosed herewith, wherein a penalty of $15,000.00 was imposed against him for operating a pirate radio station in Passaic, New Jersey. Said Order indicates that on September 25, 2015 you issued a Notice of Apparent Liability for Forfeiture (NAL) against Mr. Angeles in the amount of $15,000.00 and that he then failed to file a response to same. Pursuant to same it appears that the within Forfeiture Order was issued. My client indicates that he never received the aforementioned Notice of September 25th, therefore, no response was ever filed by him. Had he received notice of same he surely would have filed a response to the allegations set forth. Pursuant to same, he respectfully requests that this writing be accepted as his Request for Reconsideration in the within matter and that the Forfeiture Order currently in place be rescinded. It is our position that it would be fundamentally unfair to impose such a severe monetary penalty against him at this time without him being given the opportunity to address same. Please advise accordingly.

      If you have any questions or require any additional information, please feel free to contact me at any time at (973)256-3324. Thank you for your anticipated courtesies in this regard.

                                         Very truly yours,

                                         CHARLES C. FESTA III

CCF/jh
Sent Via Regular Mail
Enclosures
Cc: Ivan Angeles

*emailed to*
*D. Dombrowski*
*7/19/16*

Federal Communications Commission                           DA 18-594

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

In the Matter of                                    )
                                                    )
Ivan Angeles,                                       )    File No.: EB-FIELDNER-15-00019896
Passaic, New Jersey                                 )    NAL/Acct. No.: 201532380004
                                                    )    FRN: 0024912602
                                                    )

**MEMORANDUM OPINION AND ORDER**

**Adopted: June 7, 2018**                          **Released:  June 8, 2018**

By the Deputy Chief, Enforcement Bureau:

## I.     INTRODUCTION

1.      We dismiss as untimely the Petition for Reconsideration (Petition) filed by Ivan Angeles in this proceeding.[1] Mr. Angeles, through counsel, seeks reconsideration of the *Forfeiture Order*, in which the Enforcement Bureau (Bureau) found Mr. Angeles liable for a monetary forfeiture of $15,000 for willful and repeated violation of Section 301 of the Communications Act of 1934, as amended (the Act), in connection with his operation of an unlicensed broadcast station in Passaic, New Jersey.[2]

## II.    BACKGROUND

2.      On September 25, 2015, the Bureau's New York Field Office (New York Office) issued a Notice of Apparent Liability for Forfeiture (*NAL*), finding that Mr. Angeles had operated an unauthorized radio station in apparent violation of Section 301 of the Act[3] and directing Mr. Angeles to pay the forfeiture penalty or to submit a written statement seeking reduction or cancellation of the penalty within 30 days of the release date of the *NAL*.[4] The New York Office followed the requirements of the Act, the Commission's rules, and the Bureau's standard practices and sent a copy of the *NAL* to Mr. Angeles's last known address by first-class mail and certified mail, return receipt requested.[5]

3.      Mr. Angeles did not respond to the *NAL*. Accordingly, on May 26, 2016, the Bureau adopted the *Forfeiture Order*, concluding that Mr. Angeles is liable for the forfeiture penalty proposed in

---

[1] *Ivan Angeles*, Petition for Reconsideration, July 13, 2016 (on file in EB-FIELDNER-15-000896) (Petition).

[2] *See Ivan Angeles, Passaic, New Jersey*, Forfeiture Order, 31 FCC Rcd 5202 (EB 2016) (*Forfeiture Order*).

[3] 47 U.S.C. § 301.

[4] *Ivan Angeles, Passaic, New Jersey*, Notice of Apparent Liability for Forfeiture, 30 FCC Rcd 10202 (EB 2015). The *NAL* includes a more complete discussion of the facts and history of this case and is incorporated herein by reference.

[5] *See* 47 U.S.C. § 503(b)(4)(B); 47 CFR § 1.80(f)(2) ("The notice of apparent liability will be sent to the respondent, by certified mail, at his last known address"); *NAL*, 30 FCC Rcd at 10206, para. 14. The New York Office sent the *NAL* to an address in Garfield, New Jersey, where the New York Office has previously sent notices to Mr. Angeles and received proof of delivery. *See Ivan Angeles*, Notice of Unlicensed Operation (March 21, 2012) (on file in EB-FIELDNER-12-00001294); *Ivan Angeles*, Notice of Unlicensed Operation (September 26, 2012) (on file in EB-FIELDNER-13-00016577); *Ivan Angeles*, Notice of Unlicensed Operation (September 16, 2013) (on file in EB-FIELDNER-13-00011482).

the *NAL*.[6]  On July 13, 2016, the Commission received a letter from Mr. Angeles's attorney requesting reconsideration of the *Forfeiture Order*, arguing that that Mr. Angeles never received the *NAL*.[7]

## III.   DISCUSSION

4.      We dismiss Mr. Angeles's petition for reconsideration as statutorily time-barred.  By statute, a petition for reconsideration must be filed with the Commission "within thirty days from the date upon which public notice is given of the order . . . complained of."[8]  Public notice of the *Forfeiture Order* occurred on the day the Bureau released it, May 26, 2016.[9]  Thus, the Petition was due to the Commission no later than June 27, 2016.  Although the letter from Mr. Angeles's lawyer was dated June 17, 2016, it bears a stamp from the FCC Mail Room stating that it was "Received & Inspected JUL 13 2016."[10]  Under the Commission's rules, pleadings are considered to be filed with the Commission upon their receipt by the Commission.[11]

5.      The Commission lacks authority to waive or extend the statutory 30-day filing period for petitions for reconsideration unless the petitioner shows that its failure to file in a timely manner resulted from "extraordinary circumstances."[12]  Here, Mr. Angeles makes no argument that any circumstances exist, let alone extraordinary circumstances, that would justify the late filing of his Petition.  Because the Commission (and, by extension, the Bureau) lacks authority to consider the late-filed Petition absent extraordinary circumstances,[13] and because the period in which the Bureau might have acted *sua sponte* expired before the Commission received the Petition,[14] the Bureau must dismiss the Petition as untimely.

6.      Although we are dismissing the Petition as untimely, we would also deny the Petition if it had been timely filed.  The Petition alleges that the Bureau did not properly notify Mr. Angeles of the *NAL*, stating that Mr. Angeles never actually received the *NAL*, and that "[h]ad he received notice of same he surely would have filed a response to the allegations set forth."[15]  If the Petition were timely filed, we would reject this argument and deny reconsideration because the Bureau satisfied its notice obligations under Section 503(b)(4)(B) of the Act when it sent the *NAL* to the "last known address" of Mr. Angeles by certified mail.[16]

## IV.   ORDERING CLAUSES

7.      Accordingly, **IT IS ORDERED** that, pursuant to Section 405 of the Act, and Section 1.106 of the Commissions' rules, the Petition for Reconsideration filed by Ivan Angeles is hereby **DISMISSED** as untimely filed.[17]

---

[6] *Forfeiture Order*, 31 FCC Rcd at 5202, para. 2.

[7] Petition at 1.

[8] 47 U.S.C. § 405(a); *see also* 47 CFR § 1.106(f).

[9] 47 CFR § 1.4(b)(2).

[10] Petition at 1.

[11] 47 CFR § 1.7.

[12] *See, e.g., Gardner v. FCC*, 530 F.2d 1086, 1091-92 (D.C. Cir. 1976).

[13] *See Reuters, Ltd. v. FCC*, 781 F.2d 946, 952 (D.C. Cir. 1986) (express statutory limitations barred the Commission from acting on a petition for reconsideration that was filed after the due date).

[14] 47 CFR §§ 1.108; 1.117.

[15] Petition at 1.  Inasmuch as the Petition alleges that Mr. Angeles was deprived of an opportunity to respond to or to deny the facts set forth in the *NAL*, we note that he could have done so in the Petition itself.  Yet, he did not.

[16] *See* 47 U.S.C. § 503(b)(4)(B); 47 CFR § 1.80(f)(2); *see also* paragraph 2, *supra*.

[17] 47 U.S.C. § 405; 47 CFR § 1.106.

8.      **IT IS FURTHER ORDERED** that, pursuant to Section 503(b) of the Act and Sections 0.111, 0.311, and 1.80 of the Rules, Ivan Angeles **IS LIABLE FOR A MONETARY FORFEITURE** of $15,000 for willfully and repeatedly violating Section 301 of the Act.[18]

9.      Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules within thirty (30) calendar days after the release date of this Memorandum Opinion and Order.[19]  If the forfeiture is not paid within the period specified, the case may be referred to the U.S. Department of Justice for enforcement of the forfeiture pursuant to Section 504(a) of the Act.[20]

10.     Payment of the forfeiture must be made by check or similar instrument, wire transfer, or credit card, and must include the NAL/Account Number and FRN referenced above.  Mr. Angeles shall send electronic notification of payment to Matthew L. Gibson at matthew.gibson@fcc.gov, with copy to field@fcc.gov on the date said payment is made.  Regardless of the form of payment, a completed FCC Form 159 (Remittance Advice) must be submitted.[21]  When completing the FCC Form 159, enter the Account Number in block number 23A (call sign/other ID) and enter the letters "FORF" in block number 24A (payment type code).  Below are additional instructions that should be followed based on the form of payment selected:

- Payment by check or money order must be made payable to the order of the Federal Communications Commission.  Such payments (along with the completed Form 159) must be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

- Payment by wire transfer must be made to ABA Number 021030004, receiving bank TREAS/NYC, and Account Number 27000001.  To complete the wire transfer and ensure appropriate crediting of the wired funds, a completed Form 159 must be faxed to U.S. Bank at (314) 418-4232 on the same business day the wire transfer is initiated.

- Payment by credit card must be made by providing the required credit card information on FCC Form 159 and signing and dating the Form 159 to authorize the credit card payment.  The completed Form 159 must then be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

11.     Any request for making full payment over time under an installment plan should be sent to: Chief Financial Officer—Financial Operations, Federal Communications Commission, 445 12th Street, S.W., Room 1-A625, Washington, D.C. 20554.[22]  Questions regarding payment procedures should be directed to the Financial Operations Group Help Desk by phone, 1-877-480-3201, or by e-mail, ARINQUIRIES@fcc.gov.

---

[18] 47 U.S.C. §§ 301, 503(b); 47 CFR §§ 0.111, 0.311, 1.80.

[19] 47 CFR § 1.80.

[20] 47 U.S.C. § 504(a).

[21] An FCC Form 159 and detailed instructions for completing the form may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf.

[22] *See* 47 CFR § 1.1914.

12.     **IT IS FURTHER ORDERED** that a copy of this Memorandum Opinion and Order shall be sent by first class mail and certified mail, return receipt requested, to Ivan Angels at his address of record and to his counsel, Charles C. Festa, III, Esq., 88 Main Street, Little Falls, New Jersey 07424.

FEDERAL COMMUNICATIONS COMMISSION

Phillip Rosario
Deputy Chief, Enforcement Bureau



# FEDERAL COMMUNICATIONS COMMISSION
## OFFICE OF GENERAL COUNSEL

August 29, 2018

<u>Via Certified Mail</u>
Charles C. Festa, III, Esq.
88 Main Street
Little Falls, New Jersey  07424

NAL No. 201532380004

Dear Mr. Festa:

On September 25, 2015, the Enforcement Bureau, Federal Communications Commission, issued a Notice of Apparent Liability For Forfeiture against your client, Ivan Angeles, in the amount of $15,000.00 for the willful and repeated violations of Section 301 of the Communications Act, 47 U.S.C. § 301 by operating an unlicensed radio station, creating a danger of interference to licensed communications.  On May 26, 2016, the Enforcement Bureau issued a Forfeiture Order affirming the forfeiture amount.  This is to inform you that if the forfeiture is not paid within 30 days of the date of this letter, the matter will be referred to the Department of Justice for enforcement.

Payment may be made by check payable to the Federal Communications Commission. Please write on the check the NAL number noted above and mail your check along with a copy of this letter to:

> Federal Communications Commission
> Revenue & Receivables Operations Group
> P.O. Box 979088
> St. Louis, MO  63197

Thank you.

Sincerely,

Susan L. Launer
Deputy Associate General Counsel
Susan.Launer@fcc.gov
202.418.7182

cc:  Mr. Ivan Angeles

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
970 Broad Street, Suite 700     Jordan M. Anger, AUSA
Newark, New Jersey 07102     (973) 645-2829

## DEFENDANTS

IVAN ANGELES

County of Residence of First Listed Defendant   *Bergen*
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

(checkboxes omitted) ☒ 190 Other Contract ☒ 190 Stockholders' Suits

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.     DEMAND $ _____     CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 7/30/19   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**FEDERAL COMMUNICATIONS COMMISSION**
**WASHINGTON, D.C.**

**CERTIFICATE OF FORFEITURE**

**Violator(s) Name(s) and**          <u>Ivan Angeles</u>

**Address(es):**                     <u>464 Palisades Avenue</u>
                                     <u>Garfield, NJ  07026</u>

**Total forfeiture assessed by FCC as of** <u>August 29, 2018,</u> **in the amount of** <u>$15,000.00</u>.
I certify that Federal Communications Commission records show that the violator named
above has been ordered to pay to the United States the amount stated above.

This claim arose in connection with:

    Notice of Apparent Liability For Forfeiture released September 25, 2015
    Forfeiture Order released May 26, 2016
    Memorandum Opinion and Order released June 8, 2018

**CERTIFICATION:**  Pursuant to 28 USC § 1746, I certify under penalty of perjury that the
foregoing is true and correct.

<u>7/23/2019</u> .
(Date)

Susan L. Launer
Deputy Associate General Counsel
Susan.Launer@fcc.gov
202.418.7182